

MICHAEL A. CARDOZO
*Corporation Counsel*

THE CITY OF NEW YORK
LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

DIANA M. MURRAY
Phone: (212) 788-1278
Fax: (212) 791-9714
DMURRAY@LAW.NYC.GOV

June 30, 2008

**BY ECF**

The Hon. Paul Crotty
U. S. District Court for the Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:    <u>Brahm Prasad v. City of New York, et al</u>, 08 CV 3818 (PC)

Dear Judge Crotty:

      I am an attorney in the office of Michael A. Cardozo, Corporation Counsel of the City of New York, counsel for defendant the City of New York (the "City"), and have been assigned to defend the above-referenced action brought by plaintiffs Brahm Prasad and Mumbai, Inc., the alleged owners of a night club at 250 West 26th Street, New York, New York 10001 ("The City Lounge" or "Mumbai"), pursuant to 42 U.S.C. §§ 1981, 1983 and 1985. I write, in accordance with Your Honor's rules, to request a pre-motion conference with respect to the submission of a motion to dismiss on behalf of the City.

      At issue here are the City's actions in response to complaints against The City Lounge. As alleged in the complaint, plaintiffs seek both injunctive relief and damages based on claims of selective enforcement as well as claims of malicious prosecution, curtailment of rights to engage in commerce and violation of the right of freedom of association. The claims fail on a number of grounds.

      First, findings issued following hearings relating to plaintiffs and The City Lounge before three different tribunals -- the administrative proceeding before Administrative Law Judge Mitchell B. Nisonoff, which resulted in the City's suspension of the club's cabaret license; the state administrative proceeding, which resulted in the loss of Mumbai's liquor license; and the nuisance action before Supreme Court Judge Rosalyn Richter – support the legitimate basis of the City's actions and preclude a finding of discriminatory purpose or

selective enforcement (Fourth Cause of Action) based on plaintiffs' alleged minority status or their "minority hip hop" clientele. In fact, given the record herein, the allegations of discrimination and "largely bogus summonses," "false and harassing summons," "utterly false complaints" and an "utterly frivolous nuisance abatement action" border on frivolous.

Additionally, as the summonses issued against the plaintiffs did not result in a deprivation of liberty consistent with the Fourth Amendment concept of seizure, plaintiffs cannot claim malicious prosecution (First Cause of Action).  Such a claim is also barred by the existence of probable cause for the summonses as well as the fines paid by plaintiffs.  The claim of curtailment of rights to engage in commerce (Second Cause of Action) similarly fails on two grounds -- the absence of a property right to run a night club and the availability of review of license denials under Article 78 of the CPLR.  Finally, the First Amendment claim (Third Cause of Action) fails to state a claim as the First Amendment does not protect the non-intimate business associations at issue here and plaintiffs lack standing to assert claims on behalf of their patrons.

Thank you for your consideration of this request.

Respectfully submitted,

Diana M. Murray (DM 5435)

cc:  Ambrose Wotorson, Esq.
     26 Court Street, Suite 1811
     Brooklyn, New York 11242 (by ECF)

     Michael Weinberger, Esq.
     236 West 26th Street  Suite 303
     New York, New York 10001 (by ECF and Fax (212) 736-2604)